■ ALBERT CABBAD, Respondent, v MARGARITA MELENDEZ, Appellant. — In a holdover proceeding to recover possession of an apartment, the tenant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated September 17, 1980, which affirmed an order of the Civil Court, Kings County, entered April 7, 1980, denying the tenant's motion to vacate the consent judgment of possession, entered September 17, 1979, in favor of the landlord. Orders of the Appellate Term and the Civil Court reversed, without costs or disbursements, motion granted, consent judgment vacated and proceeding remanded to the Civil Court for further proceedings. Vacatur of a consent judgment should be predicated upon a showing of good cause as well as a demonstration of merit and a reasonable probability of success on the part of the party seeking the vacatur. Good cause is demonstrated where it appears that a party has "inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and works to his prejudice." (See Matter of Frutiger, 29 NY2d 143, 149-150.) Such is the case here, where after the landlord commenced a holdover summary proceeding, the non-English speaking tenant entered into a consent judgment, in the absence of counsel, which awarded the landlord possession of her apartment. The ten-

ant mistakenly believed that the stipulation provided that upon paying the landlord all rent owing, the proceeding would be resolved and she would retain possession of the apartment. Furthermore, there is merit to tenant's assertion that the apartment is still rent controlled, and as such, there is a reasonable probability that she will be successful at trial. We note the further fact that a vacatur of the consent judgment will restore the parties to substantially their former position (see *Matter of Frutiger, supra*). In view of the foregoing, the consent judgment must be vacated. Damiani, J. P., Titone, Mangano and Rabin, JJ., concur.