OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It cannot be said that appellant Meyers Parking System, Inc., was improperly joined in the proceeding commenced by petitioner Sovereign Apartments, Inc., to challenge a New York City Conciliation and Appeals Board determination that the parking garage service provided at Sovereign was a required service under the Rent Stabilization Law and Code for which rents had been improperly increased. The board order directed the landlord to roll back the garage rents and to arrange for refunds and authorized the tenants to deduct any unrefunded overcharges from the next garage rent. As lessee, Meyers would be subject to the rent stabilization laws to the same extent as the landlord (cf. Bank of N. Y., Albany v Hirschfeld, 37 NY2d 501) and it could have challenged the determination on any ground in the article 78 proceeding commenced for that purpose. Meyers does not dispute that it was fully aware of the pending board proceeding and has steadfastly refused to produce the lease under which it claims a right to have been formally served in the proceeding. Under the circumstances, neither joinder nor issuance of the permanent injunction was improper.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg taking no part.
Order affirmed, with costs, in a memorandum.