■ In the Matter of 446 REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. In the Matter of 446 REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment, Supreme Court, New York County (Bruce Wright, J.), entered on June 15, 1989, which dismissed the CPLR article 78 petition, and an order, Supreme Court, New York County (Carol Arber, J.), entered on November 17, 1989, which, *inter alia,* granted the cross motion by the New York State Division of Housing and Community Renewal (the Division) for summary judgment and which dismissed the complaint, unanimously affirmed, without costs and without disbursements.

In an article 78 proceeding, 446 Realty Co., the new owner of premises located at 446, 448 and 450 West 19th Street in Manhattan, challenged a determination of the Division imposing a lien on the subject property, after an administrative hearing, and imposing civil penalties, based upon the harassment of certain tenants by the prior owners of the subject property.

Upon review of the record, we affirm the June 15, 1989

judgment, which dismissed the petition, since 446 Realty Co., as successor in interest to the subject premises, took title to the property subject to the lien subsequently imposed by the Division. *(See,* Administrative Code of City of New York § 26-413 [b] [3] [b]; 9 NYCRR 2206.5 [d].)* When 446 Realty Co. acquired title to the subject premises, it took such title subject to the pending harassment proceedings before the Division, of which it had actual notice, and accordingly, may not escape liability because the wrongful conduct occurred prior to the transfer of title.

Similarly, we affirm the November 17, 1989 order, which granted the Division's cross motion for summary judgment dismissing a subsequent declaratory judgment action on the ground that 446 Realty was barred by the doctrine of res judicata from raising any issue as to the Division's alleged failure to comply with the notice requirements of the Lien Law. Since that issue could have been raised in the article 78 proceeding, but was not, the issue is barred by the doctrine of res judicata which operates to bar not only those matters which were actually raised in the prior action but those which might have been raised. *(Matter of Reilly v Reid,* 45 NY2d 24.)* Further, 446 Realty cannot be heard to complain that it was not joined as a party to the administrative proceedings since the record reveals that the Division, upon learning of the transfer of title, immediately notified 446 Realty of the harassment proceedings, and that, despite this notice, 446 Realty Co. never sought to intervene. *(Compare, Matter of Sovereign Apts. v New York City Conciliation & Appeals Bd.,* 56 NY2d 586.)* Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.