OPINION OF THE COURT
Memorandum.
 The judgment of the Appellate Division should be modified, without costs, by granting the petition to the extent of reducing the penalty to $500 and, as so modified, the judgment confirming the Insurance Superintendent’s determination should be affirmed.
The Superintendent of Insurance determined that American *979 Transit Insurance Company (American) was guilty of willful violation of Insurance Law § 334 and regulation 131 (11 NYCRR part 162). An aggregate penalty of $8,850 was assessed. We agree with the Appellate Division that there is substantial evidence to support the Superintendent’s determination; however, failure to file the required forms in 1987 constitutes one "offense” (Insurance Law § 109 [c]), for which the maximum allowable penalty is $500.
Insurance Law § 334, enacted in 1986, as implemented by regulation 131 (11 NYCRR part 162) in July 1987, requires the Superintendent to provide the Governor and Legislature with an annual commercial property and casualty insurance report. All commercial property and casualty insurers are required annually to submit data for inclusion in the Superintendent’s report (Insurance Law § 334 [e]; 11 NYCRR 162.1 [c]). The regulations prescribe the filing of Form 131-A by August 7, 1987 with data relating to calendar years 1981 to 1986, and for calendar year 1987 and subsequent years by April 15 of the successive years (11 NYCRR 162.3, 162.6). American did not file for calendar years 1981 to 1986 until March 28, 1988 (11 NYCRR 162.4 [b]).
By letters dated October 14, 1987 and December 1, 1987, the Superintendent notified American that a daily penalty was being imposed for failure to file in 1987. On March 18, 1988, the Superintendent notified American that the penalty had reached $40,650. Subsequently, the Insurance Department’s Hearing Officer concluded that American’s violation was willful because the insurer had a staff of 16 attorneys and "knew, or should have known” about the requirements of regulation 131 published in the State Register on July 29, 1987 and September 30, 1987. Each day’s lateness in filing was determined to be an additional offense subject to the maximum $500 penalty per violation (Insurance Law § 109 [c] [1]). Nevertheless, the maximum penalty of $500 per day from the filing due date of August 7, 1987 to the actual filing date of March 28, 1988 was deemed "draconian”; instead, a compromise figure and formula were used by the Hearing Officer to arrive at a total penalty of $8,850. The Superintendent agreed and confirmed the violation and the penalty.
The term "willful” is not defined in the Insurance Law or regulations, but we find some guidance as to its unremarkable meaning in a civil regulatory context as "no more than intentional and deliberate.” (Matter of Old Republic Life Ins. *980 Co. v Thacher, 12 NY2d 48, 56; see also, Matter of Levin v Gallman, 42 NY2d 32, 34.)
Regulation 131 was filed and American thus received official notice of it (see, State Administrative Procedure Act § 203 [1]; Matter of Jones v Smith, 64 NY2d 1003, 1006). The Superintendent was not obliged to accept American’s litany of reasons for failure to timely file: namely, lack of actual notice that regulation 131 had been promulgated and lack of receipt of the Superintendent’s reminder letters; the Superintendent’s failure to inform American of the filing requirement while agency personnel were conducting a routine audit on the insurer’s premises; and that equivalent data was already available from other forms filed by American. Rather, the combined effect of ignoring the notice provided by official filing and publication of the regulation, and of delaying the filing for over seven months after publication and after a series of notification and reminder letters, belies the claim of ignorance of the law and supplies the substantial evidence to support the Superintendent’s determination.
The penalty portion of the determination, however, cannot be sustained because there is no authority to impose a penalty for "each day’s lateness in filing” as "an additional violation”. Pyramiding of penalties, i.e., treating continuing violations as separate daily transgressions, has been upheld only where cumulative penalties are expressly authorized by statute (People v Abramson, 208 NY 138, 143; Suydam v Smith, 52 NY 383). When the Legislature intends to permit cumulative penalties for noncompliance with Insurance Law filing requirements, it has expressly done so (see, Insurance Law § 307 [a] [4] [authorizing penalty of up to $250 "per day of delay”, not to exceed $25,000, for insurer’s delay in filing annual business statements]). No such specificity or formulation is found in the provision applicable in this case (Insurance Law § 109 [c] [1]). Reliance on Matter of Meyers Bros. Parking Sys. v Sherman (87 AD2d 562, affd for reasons stated at App Div 57 NY2d 653), to support cumulative penalties is plainly misplaced, as the case involved separate forbidden acts. Here, the prescribed act — a first time annual filing — is a once-a-year event, for which willful failure to comply can likewise occur only once a year. The simple transgression of failure to timely file by August 7, 1987 can result in a maximum penalty of only $500.
Chief Judge Wachtler and Judges Simons, Kaye, Alexan *981 der, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Judgment modified, etc.