OPINION OF THE COURT
Memorandum. ,
Appeal from undated order unanimously dismissed.
Order dated December 19, 1996 unanimously modified by providing that tenant is awarded summary judgment on her counterclaim for rent overcharge and for treble damages in accordance with the following memorandum and by remanding the matter for further proceedings not inconsistent herewith and as so modified affirmed with $10 costs to tenant. Payment of the judgment to be awarded in favor of tenant shall be made to tenant’s attorney to be deposited into the attorney’s escrow account pending further order of the court below. Tenant or her attorney shall notify the Department of Social Services (DSS) of receipt of the payment and furnish the Department with a copy of this decision.
*524 Landlord commenced this nonpayment proceeding to recover an alleged monthly rent of $421.24 for the months of September and October 1995. In an amended answer served in March 1996, tenant asserted claims for rent overcharge and treble damages.
In support of a motion for summary judgment on the overcharge claims, tenant showed that in October 1988 she had joined in a building-wide complaint to the Division of Housing and Community Renewal (DHCR) based on the failure of the then owner, Jamaica Associates, to provide services. (It is undisputed that Jamaica Associates and landlord are one and the same.) By order dated June 27, 1989, DHCR reduced tenant’s rent by the percentage of the most recent guideline adjustment or, in effect, to $301.81. Landlord received this order but did not reduce the rent and tenant paid $374.93 through February 1991, $401.18 from March 1991 to April 1994 and $421.24 thereafter. In August 1995, tenant was advised by DHCR that she should not be paying rent increases because of the reduction order. By letter dated August 23, 1995, an employee of the New York City Commission on Human Rights, to which tenant was referred by DHCR, advised landlord’s principal, Michael Savino, of the reduction order and of the resulting overcharges, which then totaled $7,491.07, and informed him that if he did not contact tenant by September 14, 1995 to negotiate a credit tenant would begin withholding rent. Although landlord received this letter, its only response was to commence this proceeding in October 1995 seeking to recover the unreduced rent.
In opposing papers, Savino stated that Jamaica Associates conveyed the building to Merit Associates, an unrelated entity, on November 22, 1989 and that although it thereafter held a mortgage on the building it had no role in administering the building until it regained title on February 16, 1994 after foreclosing on the mortgage. Savino claimed that landlord’s failure to reduce the rent in 1989 upon receipt of the DHCR order was due to a bookkeeping error and that things were then “chaotic” because of the pending sale of the building. He also stated that his is a large and busy office and that the overcharge was unintentional; that landlord provided Merit Associates with all the rent records including the DHCR order and the petition for administrative review (PAR) that landlord had filed; that when landlord reacquired title at the judicial sale it received nothing from the receiver except the rent roll; and that he and his colleagues had by then forgotten about the *525 DHCR reduction order and accepted the rent roll as valid. The PAR was denied in August 1994 but Savino claimed that his office did not receive a copy of the decision. He conceded that an overcharge had occurred while landlord owned the building prior to November 22, 1989 but argued that landlord should not be liable for treble damages because the overcharge was not wilful. He also argued that landlord, as a purchaser at a judicial sale, should not be liable for the overcharges collected while Merit Associates was the owner. Finally, Savino claimed that an award to tenant would result in a windfall because tenant had been receiving unspecified rent subsidies from DSS.
Judge Haber denied tenant’s motion for partial summary judgment “for the reasons stated” in landlord’s papers. He also found tenant’s claim for treble damages “to be entirely without merit” because there was no evidence of a wilful intent. Upon a motion by tenant to set aside and to reargue Judge Haber’s decision, Judge Weinstein granted reargument and adhered to the earlier decision. When the matter subsequently came on for trial, the parties, while preserving tenant’s right to appeal Judge Weinstein’s decision, stipulated, inter alia, that the monthly rent was $301.81 and that landlord was obligated to pay that part of the overcharges from November 1988 to August 1995 that it had collected. The parties have also subsequently stipulated that tenant’s appeal from Judge Haber’s order would be discontinued.
 In our view, landlord did not meet its burden of overcoming the presumption of wilfulness. Landlord had actual notice since 1989 of the rent reduction order and was under a duty to reduce the rent. Even if the excuses offered by landlord for its failure to do so were to be credited, and they are belied by landlord’s demand for the full rent and its commencement of this proceeding seeking to recover the full rent after being notified of the overcharge, they would be insufficient to establish a lack of wilfulness because landlord “had reason to know that the amount it was charging was in excess of the lawful rent” (Matter of Round Hill Mgt. Co. v Higgins, 177 AD2d 256, 258; cf., Matter of American Tr. Ins. Co. v Corcoran, 76 NY2d 977). Accordingly, landlord is liable for treble damages with respect to the overcharges collected in the two years prior to the service of the amended answer (Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2] [i]). Similarly, landlord cannot claim to be an innocent purchaser at a judicial sale (Rent Stabilization Code [9 NYCRR] § 2526.1 [f] [2]) because it was landlord that initiated the rent overcharges in the first instance and *526 because it remained charged with actual notice of the rent reduction order. Under the circumstances, landlord is liable for the overcharges collected by Merit Associates.
However, except as to the overcharges which landlord stipulated to pay, landlord is liable only for the overcharges collected in the four years prior to tenant’s assertion of the overcharge claim in the amended answer (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]). We note that landlord was at all times under a duty to reduce the rent in accordance with the DHCR rent reduction order so that tenant’s claim is not based solely on an overcharge which occurred more than four years before the overcharge claim was interposed.
In view of the fact that tenant is a recipient of assistance from the Department of Social Services, tenant is required to notify the Department upon the receipt of payment of the judgment (18 NYCRR 351.1). The amount of the judgment shall be held in tenant’s attorney’s escrow account pending further order of the court below in order to allow the Department of Social Services an opportunity to pursue such remedy as it may deem advisable (see, Social Services Law § 104 [1]; § 131-a [12]; Hoke v Ortiz, 83 NY2d 323; Matter of Verbal v Perales, 176 AD2d 805).
Kassoff, P. J., Aronin and Patterson, JJ., concur.