OPINION OF THE COURT
Memorandum.
The primary issue on this appeal is whether an order of the Division of Housing and Community Renewal (DHCR) reducing the rent based upon an owner’s failure to provide services (Rent Stabilization Law of 1969 [RSL] [Administrative Code of City of NY, tit 26, ch 4] § 26-514) remains in effect where the owner, who has failed to comply with the order, registers and collects rents in excess of those permitted under the order for more than four years after the issuance of the order. We hold that the order remains in effect.
On November 30, 1987, upon an application by tenant, DHCR issued an order reducing the rent based on landlord’s failure to provide services. The order had the effect of reducing tenant’s rent to $327.80 per month and of freezing the rent at that level. Although landlord filed an unsuccessful petition for administrative review, it failed to comply with the DHCR order and continued thereafter to collect the unreduced rent and increases thereon.
This nonpayment proceeding was commenced in October 1999 seeking arrears in tenant’s share of the alleged monthly rent of $609 for the months of September 1998 through September 1999. Tenant appeared pro se and, allegedly unaware of the legal effect of the DHCR order, entered into a stipulation in which she agreed to pay the arrears. Although tenant made some payments on the stipulation, she was unable to pay the full amount due, and, upon a motion by landlord, a final judgment was entered based on tenant’s default under the stipulation. The final judgment was entered even though tenant had by then alerted the court to the existence of the DHCR order freezing the rent.
*305 Tenant thereafter obtained the assistance of Brooklyn Legal Services Corp., which moved on her behalf to reargue the court’s decision, to vacate the stipulation and the final judgment, for leave to interpose an answer asserting a claim of, inter alia, rent overcharge, and for summary judgment dismissing the petition. Counsel argued that the court had misapplied the law in entering judgment without taking into account the effect of the DHCR rent reduction order; that the DHCR order should be enforced; that the order placed a continuing obligation upon landlord to reduce the rent (Hollis Realty Co. v Glover, 179 Misc 2d 522; cf., Ferrante v Spring St. Assocs., NYLJ, Dec. 15, 1998, at 25, col 1 [App Term, 1st Dept]); that examination of the DHCR order was thus not barred by the Rent Regulation Reform Act (RRRA) of 1997 (L 1997, ch 116); that, if the rents were reduced in accordance with the order, tenant did not owe any arrears; and that tenant’s unknowing waiver of this meritorious defense constituted a sufficient basis for vacating the stipulation (e.g., Cabbad v Melendez, 81 AD2d 626; Solack Estates v Goodman, 102 Misc 2d 504, affd 78 AD2d 512; Floral Assocs. v Piehl, NYLJ, July 12, 1994, at 31, col 1 [App Term, 9th & 10th Jud Dists]).
Landlord opposed tenant’s motion, arguing that tenant did not show a sufficient basis for relief from the stipulation and that stipulations are not lightly set aside (Hallock v State of New York, 64 NY2d 224). Landlord also claimed, inter alia, that the 1997 RRRA precluded examination of the rental history prior to the four-year period (e.g., Zafra v Pilkes, 245 AD2d 218) and that the DHCR order was part of that rental history and could not be examined (Matter of Mallas, DHCR Admin Review Docket Nos. JD210119RO, KJ210049RT, May 8, 1998).
The Housing Court, relying on Hollis Realty Co. v Glover (supra), ruled that the DHCR order remained viable and vacated the stipulation and final judgment. However, instead of dismissing the petition, the court marked the case off the calendar to give landlord an opportunity to seek a DHCR declaration that the rent reduction order was no longer in effect or, alternatively, an order restoring the rents nunc pro tunc.
We agree with the Housing Court that the rent reduction order remained in effect despite landlord’s filing of subsequent registrations and that it is not part of the rental history, the examination of which the Legislature has acted to preclude.
As the Housing Court correctly noted, in Hollis Realty Co. v Glover (supra, at 526), this court held that a DHCR rent reduction order imposes a continuing obligation upon an owner to *306 reduce the rent and to refrain from collecting increases until he obtains an order restoring the rent. Where a duty imposed prior to a limitations period is a continuing one, the Statute of Limitations is not a defense to actions based on breaches of that duty occurring within the limitations period (see, e.g., Matter of Grossman v Rankin, 43 NY2d 493, 506; Ballin v Ballin, 204 AD2d 1078; Matter of Kenny v Loos, 286 App Div 97).
A case in point is Crimmins v Handler & Co. (249 AD2d 89). In Crimmins, DHCR issued a rent reduction order on May 30, 1989, after having previously issued an overcharge order on November 17, 1987, but the landlord did not comply with the orders. The tenant did nothing to enforce the orders until March 11, 1996, when she commenced an overcharge action. The Appellate Division held that the tenant’s action to recover damages was viable for the overcharges collected in the “four years prior to service of the summons” (id., at 91). The Court expressly rejected the landlord’s claim that the action was barred because the overcharge had extended for a period in excess of four years.
The 1997 RRRA’s bar to the examination of rental history prior to the four-year period (CPLR 213-a; RSL § 26-516 [a] [2]) did not affect the Crimmins ruling. As this court explained in Myers v Frankel (184 Misc 2d 608, 613-615), the Legislature added the language barring the examination of rental history to these statutes in response to judicial opinions which had erroneously interpreted them to allow tenants to challenge the rent stated in the registration statement filed four years prior to the most recent statement by showing that overcharges had been taken prior to that (earlier) statement which rendered the registered rents improper. The legislative history of the 1997 RRRA shows that the Legislature’s intent was to clarify that these judicial decisions were wrong and that the Legislature had intended the existing statutes to bar examination of the rents, leases, vacancies and increases which preceded the registration statement filed four years prior to the most recent.
The Legislature, however, neither contemplated nor provided for the Crimmins-type situation, involving breaches within the four-year period of a duty imposed by an order issued prior thereto. Thus, where, as here, the tenant’s claim is not predicated on an overcharge taken prior to the registration statement filed four years before the most recent statement but upon breaches by landlord within the four-year period of a duty which continued into that period, the Statute of Limitations does not bar the claim.
*307 In light of the inadvertent waiver by tenant, while unrepresented by counsel, of the defenses of rent overcharge and of payment, the Housing Court did not improvidently exercise its discretion when it vacated the stipulation and final judgment (Matter of Weis v Lefkowitz, 261 AD2d 480; Cabbad v Melendez, supra; 1460 Grand Concourse Assocs. v Martinez, NYLJ, May 6, 1994, at 29, col 1 [App Term, 1st Dept]; Floral Assocs. v Piehl, supra). However, in view of the fact that the DHCR order remains in effect, no rent is owed and there are no triable issues of fact. Thus, tenant was also entitled to summary judgment dismissing the petition. Accordingly, we modify the Housing Court’s order to provide for such dismissal as well as to allow tenant to interpose her answer and to proceed with the counterclaims asserted therein.
Scholnick, P. J., Patterson and Golia, JJ., concur.