OPINION OF THE COURT
Per Curiam.
Order and judgment entered on or about October 2, 2000 modified by remanding the matter for recalculation of the amount of rent overcharges due tenant in accordance with this decision; as modified, order affirmed, without costs.
Following a campaign of criminal harassment at the building premises by prior ownership, the Division of Housing and Community Renewal (DHCR) issued an order “imposing a finding of harassment and civil penalties” in September 1988 which, inter alia, directed that the subject apartment, “or any replacement or subdivision thereof,” remain subject to rent regulation notwithstanding that it was involuntarily vacated. The monthly rent at that time was $138.36. The present landlord sought to rehabilitate the building and converted the apartment to a duplex, for which it sought a “first rent.” Tenant took occupancy in 1994 under a lease providing for a deregulated rent of $1,400; the last renewal (now expired) provides for a monthly rental of $1,675.
Civil Court determined that landlord did not meet its burden of proving that its renovations qualified for the “substantial rehabilitation” exemption from rent stabilization (see, Rent Stabilization Code [9 NYCRR] § 2520.11 [e]). That finding is not contested on this appeal. At issue is the calculation of tenant’s recovery for rent overcharges. In this respect, Civil Court erred in failing to give effect to the provisions of Rent Stabilization Code (9 NYCRR) § 2526.2 (d), which provide that any owner found by the DHCR to have harassed a tenant shall “be barred thereafter from applying for or collecting any further rent increase for the affected housing accommodation.” The code further requires a “finding by the DHCR” that the conduct which resulted in the finding of harassment has ceased before “prospective elimination” of this sanction. “[0]nce a finding of harassment has been issued in the form of an order against a landlord, with sanctions imposed, there is an affirmative duty on that landlord, or his successors, to come forward *111 with convincing evidence that the conditions of harassment which led to those sanctions no longer exist, before the findings can be vacated and the sanctions lifted” (Matter of Meko Holding v Joy, 107 AD2d 278, 282 [1985]). An outstanding order of harassment precludes the establishment of a new first rent (id. at 281). Since, as found by Civil Court, there has been to date “no vacatur of the DHCR findings concerning the subject apartment,” the overcharge award must be calculated upon the last rent paid ($138.36) prior to the imposition of the harassment order.
Landlord’s reliance upon the four-year rule (CPLR 213-a) as precluding consideration of DHCR’s 1988 harassment order is unavailing. Such an order does not “implicate the legislative concerns underlying the four-year statute of limitations” (see, Matter of 72A Realty Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 298 AD2d 276 [2002]) since, under the code, a continuing duty was imposed upon the landlord to refrain from increasing the rent until the finding of harassment was removed (see, Thelma Realty Co. v Harvey, 190 Misc 2d 303 [App Term, 2d Dept 2001]). Moreover, it has previously been determined that this owner took title subject to the harassment proceedings, “of which it had actual notice” (see, Matter of 446 Realty Co. v New York State Div. of Hous. & Community Renewal, 165 AD2d 778, 779 [1990]). Nor does landlord’s reconfiguration of the apartment negate application of the DHCR order and Rent Stabilization Code (9 NYCRR) § 2526.2 (d) since the order expressly applied to the apartment “or any replacement or subdivision thereof.”
We affirm that part of the order denying an award of treble damages, as landlord held a reasonable, albeit mistaken, belief that the premises were no longer rent regulated (see, Matter of Myers v D Agosta, 202 AD2d 223 [1994]).
Landlord’s cross appeal, not having been briefed, is deemed abandoned.
McCooe, J.P., Davis and Schoenfeld, JJ., concur.