OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and matter remanded for a recalculation of the amount of the award in accordance with the following decision.
This overcharge action, commenced in March 2002, is predicated on an order of the Division of Housing and Community Renewal (DHCR) dated November 10, 1994. The order reduced the rent “to the level in effect prior to the most recent guidelines increase for the tenant’s lease which commenced” before the June 1,1993 effective date of the order and prohibited defendant from collecting an increase until a rent restoration order was issued. Plaintiff claims, and the court below agreed, that the amount of the overcharge should be calculated based on the $375.44 rent in effect for his lease prior to the June 1, 1993 effective date of the order. Defendant contends that examination of the rental history prior to the four-year period before the action was commenced is barred and that the overcharge award must be calculated based on the $449.68 rent in effect four years before the action was commenced. For the reasons that follow, we agree with defendant.
The governing statutes and regulation unequivocally “preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action” (CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2] [ii]). Although the DHCR rent reduction order itself “is not part of the rental history, the examination of which the Legislature has acted to preclude,” and remains in effect more than four years after it is issued (Thelma Realty Co. v Harvey, 190 Misc 2d 303, 305 [App Term, 2d & 11th Jud Dists 2001]; see Thornton v Baron, 5 NY3d 175, 180 [2005]; Matter of Condo Units v New *8 York State Div. of Hous. & Community Renewal, 4 AD3d 424 [2004]), the lease in effect prior to the order’s 1993 effective date is clearly part of the rental history which may not be examined. Thus, while the statute of limitations is not a defense to this action insofar as the action is based on breaches within the four-year period of defendant’s continuing duty under the DHCR order not to increase the rent until a rent restoration order was issued (Thornton, 5 NY3d at 180; Condo Units, 4 AD3d at 425; Thelma Realty, 190 Misc 2d at 307), examination of the rental history to which the order made reference is precluded, and damages for the breach of the owner’s duty may only be measured based on the rent in effect four years before the action was commenced. Since plaintiff only commenced this action in March 2002, his recovery of overcharges is limited to the four years prior thereto. Accordingly, the judgment must be reversed and the matter remanded for recalculation of the amount of the overcharge.
The court’s finding, after a hearing, that defendant failed to establish “by a preponderance of the evidence that the overcharge was not willful” (Rent Stabilization Law § 26-516 [a]) is amply supported by the record and will not be disturbed. We agree with the lower court’s findings that defendant’s 2001 application to restore the rent belies its claim of lack of knowledge of the DHCR order and that defendant failed to adjust the rents even after it admittedly had knowledge of the order (see Matter of Hargrove v Division of Hous. & Community Renewal, 244 AD2d 241 [1997]; Matter of Goldstein v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 226 AD2d 722 [1996]). Accordingly, after recalculation of the base overcharge, treble damages should be awarded thereon for the period beginning two years before the commencement of the action (see Rent Stabilization Law § 26-516 [a] [2] [i]).
Weston Patterson, J.P, Rios and Belen, JJ., concur.