[877 NYS2d 375]

Freddie Jenkins, Appellant, v Fieldbridge Associates, LLC, Respondent.

Second Department, April 7, 2009

## APPEARANCES OF COUNSEL

*Wenig Saltiel Greene & Mundy, LLP*, Brooklyn (*Marnie R. Kudon* of counsel), for appellant.

*Stern & Stern*, Brooklyn, for respondent.

*South Brooklyn Legal Services*, Brooklyn (*John C. Gray* and *Edward Josephson* of counsel), amicus curiae.

## OPINION OF THE COURT

COVELLO, J.

In the instant action, the plaintiff, a tenant living in a rent-stabilized apartment, filed a rent overcharge complaint in which he alleged that the owner improperly charged and collected rent greater than the legal regulated rent fixed by a rent reduction order in effect within the four-year period preceding the filing of the complaint, but issued prior to that period. The question presented is whether the Civil Court of the City of New York, Kings County (hereinafter the Civil Court), faced with a statutory proscription against the examination of the "rental history" of the apartment prior to the four-year period preceding the filing of the complaint (CPLR 213-a), properly considered the rent reduction order in determining the existence and amount of a rent overcharge. We answer the question in the affirmative.

On May 12, 1993, numerous tenants living in rent-stabilized apartments in an apartment building complex located in Brooklyn filed an administrative complaint against the owner of the complex with the New York State Division of Housing and Community Renewal (hereinafter the DHCR). Alleging that the owner failed to provide certain required services, the tenants sought to have their rent reduced.

In a rent reduction order effective June 1, 1993, a DHCR Rent Administrator found that the owner failed to provide certain required services, reduced the legal regulated rent on each apartment, and prohibited the owner from charging or collecting any rent increases until the DHCR issued a rent restoration order. The Rent Administrator did not fix the legal regulated rent on the apartments at particular amounts, but rather, indicated that the legal regulated rent on each apartment was "reduced to the level in effect prior to the most recent [rent] guidelines increase for the tenant's lease which commenced before" June 1, 1993.

The plaintiff was one of the complaining tenants. Pursuant to the rent reduction order, the legal regulated rent on his apartment was, in effect, fixed at $375.44 per month. However, the plaintiff, unaware of the issuance of the rent reduction order, entered into a series of leases requiring him to pay greater rent.

On or about February 26, 2002, the plaintiff, who learned about the rent reduction order a few months prior, commenced the instant action against the owner in the Civil Court, seeking to recover rent overcharges and treble damages. The plaintiff alleged that the owner willfully charged and collected rent greater than the legal regulated rent fixed by the rent reduction order, which, although more than seven years old at this point, was still in effect.

The Civil Court, taking the rent reduction order into account, awarded the plaintiff summary judgment on his cause of action to recover rent overcharges. The matter then proceeded to a hearing, after which the Civil Court found that the owner willfully charged and collected from the plaintiff rent greater than the legal regulated rent fixed by the rent reduction order. The Civil Court then calculated the overcharges and treble damages due the plaintiff based on the legal regulated rent fixed by the rent reduction order, i.e., $375.44 per month. The owner appealed.

On appeal, the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts reversed a judgment entered in favor of the plaintiff and against the owner, and remitted the matter to the Civil Court for, among other things, a recalculation of the rent overcharges and treble damages due the plaintiff based on the rent on the plaintiff's apartment as stated by the owner in a registration statement filed with the DHCR four years prior to the filing of the complaint, i.e., $449.68 per month (see *Jenkins v Fieldbridge Assoc. LLC*, 15 Misc 3d 6, 7-8 [2007]).

However, the Appellate Term erred in so doing, as the Civil Court properly considered the rent reduction order, and properly calculated the overcharges and treble damages due the plaintiff based on the legal regulated rent fixed by that order.

A rent overcharge claim, whether made in a judicial or administrative forum, is subject to a four-year statute of limitations (*see* CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]). In addition to limiting the time in which such a claim can be asserted, the Legislature has also limited the evidence that a court and the DHCR may consider in determining that claim. In this regard, CPLR 213-a, as amended by the Rent Regulation Reform Act of 1997 (*see* L 1997, ch 116, § 34), precludes a court from examining the "rental history" of a housing accommodation prior to the four-year period preceding the filing of the rent overcharge complaint (*see Myers v Frankel*, 292 AD2d 575, 576 [2002]). Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (a) (2), as amended by the same act (*see* L 1997, ch 116, § 33), precludes the DHCR as well from examining that period of rental history (*see Matter of Anderson v Lynch*, 292 AD2d 603, 604 [2002]; *Matter of Silver v Lynch*, 283 AD2d 213, 214 [2001]; *Matter of Sessler v New York State Div. of Hous. & Community Renewal*, 282 AD2d 262 [2001]; *Matter of Pechock v New York State Div. of Hous. & Community Renewal*, 253 AD2d 655 [1998]). The term "rental history" is not defined by statute or regulation.

Where, as here, a tenant living in a rent-stabilized housing accommodation, such as the plaintiff, alleges in a rent overcharge complaint that the owner improperly charged and collected rent greater than the legal regulated rent fixed by a rent reduction order in effect within the four-year period preceding the filing of the complaint, but issued prior to that period, a court is faced with "apparently irreconcilable commands" (*Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 132 [2005]). On one hand, it would appear that the court cannot consider the order, as the order, seemingly part of the rental history of the housing accommodation, was issued more than four years prior to the filing of the complaint (*see* CPLR 213-a). Yet, it would also appear that the court is required to enforce the order and, thus, consider the legal regulated rent fixed by that order when determining the existence and amount of a rent overcharge, as Rent Stabilization Law (Administrative Code of City of NY) § 26-514 imposes a

continuing duty on an owner subject to a rent reduction order to charge and collect the reduced legal regulated rent until the DHCR finds that all required services are being provided and issues a rent restoration order authorizing the owner to charge and collect the actual legal regulated rent (*see Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424, 425 [2004]; *Thelma Realty Co. v Harvey*, 190 Misc 2d 303, 305-306 [2001]; *Hollis Realty Co. v Glover*, 179 Misc 2d 522, 526 [1999]).

The rules of statutory construction must be resorted to in order to resolve this conflict (*see Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 620-621 [1980]; McKinney's Cons Laws of NY, Book 1, Statutes § 98 [b]). The rules germane to a situation where parts of a statutory scheme are in apparent conflict require that, where it is possible to do so, the court must harmonize those parts, reading and construing them together, and reconciling them in the manner most consistent with the overall legislative intent (*see Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d at 134; McKinney's Cons Laws of NY, Book 1, Statutes §§ 97, 98). Application of these rules yields the conclusion that when a court determines the existence and amount of a rent overcharge during the four-year period preceding the filing of the rent overcharge complaint, the court should, despite the statutory proscription against the examination of the rental history of the housing accommodation prior to that period, consider a rent reduction order in effect during that period but issued prior to that period (*cf. Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d at 425; *Thelma Realty Co. v Harvey*, 190 Misc 2d at 305-306).[1]

In empowering the DHCR to issue rent reduction orders, the Legislature intended to motivate owners of rent-stabilized housing accommodations to provide required services, compensate tenants deprived of those services, and preserve and maintain the housing stock in New York City (*see Matter of Hyde Park Assoc. v Higgins*, 191 AD2d 440, 442 [1993]; *Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518, 520 [1991]). Nothing in the legislative history underlying the enactment of the statutes providing for the proscription against the examination of the rental history of a housing accommodation

---

**1.** To the extent that any prior decisions of this Court hold or indicate to the contrary (*see Matter of Highlawn Assoc. v Division of Hous. & Community Renewal*, 309 AD2d 750 [2003]), they are not to be followed.

prior to the four-year period preceding the filing of a rent overcharge complaint suggests that the proscription was intended to preclude consideration of a rent reduction order in effect during the four-year period preceding the filing of the complaint but issued prior to that period (*cf.* Governor's Mem approving L 1997, ch 116, 1997 McKinney's Session Laws of NY, at 1923). Furthermore, if a court was to apply the proscription and, thus, decline to consider that order when determining the existence and amount of a rent overcharge within that period, this would lead to an absurd result, which, of course, a court engaging in statutory interpretation must avoid (*see Matter of Chatlos v McGoldrick*, 302 NY 380, 387-388 [1951]; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128 [2005]; McKinney's Cons Laws of NY, Book 1, Statutes § 145). Indeed, the court would be countenancing the failure of the owner to obey the terms of the order, thereby frustrating the weighty goals the Legislature sought to further in authorizing the issuance of rent reduction orders. Surely, such a result could not have been intended by the Legislature when it enacted the statutes providing for the proscription, meant to spare "honest" owners from a cumbersome record-keeping requirement, "not to immunize dishonest ones from compliance with the law" (*Thornton v Baron*, 5 NY3d 175, 181 [2005]; *see Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]).

Accordingly, we conclude that the Civil Court properly calculated the rent overcharges and treble damages due the plaintiff based on the legal regulated rent fixed by the rent reduction order, i.e., $375.44 per month. Thus, the Appellate Term improperly remitted the matter to the Civil Court to recalculate the rent overcharges and treble damages due the plaintiff based on the higher, registered rent on the plaintiff's apartment four years prior to the commencement of the action.[2]

Therefore, the order is reversed insofar as appealed from, on the law, and the matter is remitted to the Civil Court for the entry of an appropriate amended judgment.

RIVERA, J.P., DILLON and ANGIOLILLO, JJ., concur.

---

**2.** We note that the Appellate Term also remitted the matter to the Civil Court to recalculate the rent overcharges due the plaintiff for the four-year period preceding the commencement of the action (*see* CPLR 213-a), and to recalculate the treble damages due the plaintiff for the two-year period preceding the commencement of the action (*see* Administrative Code of City of NY § 26-516 [a] [2] [i]; 9 NYCRR 2526.1 [a] [2] [i]). The plaintiff does not take issue on appeal with these determinations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Civil Court of the City of New York, Kings County, for the entry of an appropriate amended judgment.