OPINION OF THE COURT
Emily Pines, J.
In the fourth proceeding/action commenced by the petitioner/ plaintiff (Coalition), it seeks, by notice of petition (motion sequence No. 001), an order and judgment incorporating the following relief: (1) pursuant to CPLR article 78, declaring the determination of the Zoning Board of Appeals (ZBA) of the Village of Port Jefferson (Village) filed in the office of the Village Clerk on August 13, 2009 null and void, as the application therefor by Liberty Meadows, LLC (Liberty Meadows or developer) was untimely; (2) declaring such interpretation by the ZBA null and void because it improperly directed the building inspector to issue a building permit for a model home rather than remanding to him for his consideration; (3) declaring, pursuant to CPLR article 30, that the conditional approval of Liberty Meadows’ final clustered subdivision by the Planning Board of the Village expired 181 days after its issuance on July 24, 2008 and cannot be extended; (4) pursuant to article 78, prohibiting the Village Planning Board, building inspector or anyone acting on their *1086 behalf from taking any action on the original application by Liberty Meadows for approval of a clustered subdivision; and (5) awarding petitioner/plaintiff reasonable attorney’s fees and costs in connection with this proceeding/action.
The Coalition argues that the July 24, 2008 final conditional approval issued by the Village Planning Board for Liberty Meadows’ clustered subdivision expired as a matter of law 181 days following the approval because the developer had not applied for an extension of time to comply with the conditions set forth by the Planning Board as of that date. In addition, the Coalition asserts that the resolution by the Village ZBA, entered in the office of the Village Clerk on August 13, 2009, which reversed the finding of the Village building inspector (Koubek) and found that the developer’s application for a permit to build a model home was timely, violates Code of the Village of Port Jefferson (Village Code) § 250-50 (B) requiring the appeal be filed within 30 days of its denial by the building inspector. Further, petitioner/plaintiff reasserts that since the final conditional approval issued by the Planning Board on July 24, 2008 had already expired without the developer seeking an extension of time, any action whatsoever by the ZBA based on that approval is ultra vires. The Coalition alleges that to the extent that the ZBA resolution “directed” the building inspector to issue the permit, it improperly usurped the authority of such officer to review such permit application on the merits prior to its issuance. Finally, petitioner/plaintiff states that the September 24, 2009 Planning Board determination setting conditions on the model home to be built is null and void as the Planning Board failed to comply with the procedural and substantive requirements of the State Environmental Quality Review Act (SE-QRA).
Both Liberty Meadows (motion sequence No. 003) and the Village (motion sequence No. 004) cross-move for summary judgment, asking the court to dismiss petitioner/plaintiffis article 78 proceeding and declaratory judgment action. They also seek declaratory relief that (1) the application of Liberty Meadows to the Village ZBÁ in connection with the issuance of a model home building permit was timely; (2) that the determination of the ZBA filed on August 13, 2009 is valid; (3) that the 180-day durational period for the final conditional subdivision approval *1087 did not commence to run until July 7, 2009;* and (4) that the Village Planning Board is not required to undertake a separate SEQRA review with respect to setting of conditions for a model home and the Planning Board’s direction of September 24, 2009 is not void for lack of such review. With regard to the issue of SEQRA review, the developer points out that this is the third attempt by the petitioner/plaintiff to rehash old arguments rejected in two prior lawsuits. Both of this court’s determinations on that issue have been affirmed by the Appellate Division, Second Department. Since any action taken in building a model home is merely part of the assessment of the total environmental impact which has been completed, Liberty Meadows asserts no new study is required.
In support of the Village’s motion for summary judgment, Building Inspector Kevin Koubek sets forth in an affidavit that he well understands his role in connection with reviewing an application for a building permit; that the ZBA’s August 13, 2009 decision was one determining that the application for a building permit for a model home was timely and that such building permit approval was conditioned upon any requirements that may be imposed by the Planning Board. He also states that he fully intends to exercise his duties and that approvals from boards such as the ZBA and/or the Planning Board do not usurp his role to review the issuance on its merits. In addition, the Village submits the affidavit of Charles Kenny, a member of the Village ZBA. He states that the ZBA, in directing the Village building inspector to issue a permit, merely set forth its approval of the timeliness of the application; it understands that the building inspector has the right to review the content of the application. With regard to the issue of whether the ZBA application, submitted 42 days after Koubek’s denial, was timely, Kenny states that it was. He asserts that under Village Law § 7-712-a (5) (b), an appeal of any order “shall be taken within sixty days after the filing [of the same].” Kenny and Village counsel assert that the Coalition’s reliance on Village Code § 250-50 (A) is misplaced since it only makes the 30-day appeal apply to a building inspector’s determination that the plan “does *1088 not comply with the provisions of this chapter.” It is the Village’s position that the reference to “this chapter” clearly refers to chapter 250 of the Port Jefferson Village Code, which was not the subject of the building inspector’s determination. Rather his denial of the permit, according to the Village, related solely to the issue of timeliness of the model home permit which is governed by chapter 220 (§ 220-34 [B], [C]) of the Village Code.
Petitioner/plaintiff also moves, by notice of motion (motion sequence No. 002) for an order striking from the record of this proceeding actions taken by the Planning Board on October 22, 2009, granting Liberty Meadows two 90-day extensions within which to comply with the Planning Board’s conditions set in its July 24, 2008 final conditional approval of the clustered subdivision development. Petitioner/plaintiff asserts that the Planning Board’s action was taken after the petition in this case was filed and was, therefore, in violation of the automatic stay set forth in Village Law § 7-740. It argues, further, as set forth in its other papers, that since the 180 days for compliance with the July 24, 2008 Planning Board conditions had long since expired, the Planning Board lacked the authority, even absent the automatic stay, to grant the two 90-day extensions.
Liberty Meadows and the Village both oppose this motion in their papers in support of their cross motions for summary judgment. They assert that the automatic stay of Village action, created under Village Law § 7-740, when such action is challenged under article 78, creates a concomitant toll of the running of the time requirements of the applicant whose approval is being challenged. Although the Planning Board issued its conditional final determination on July 24, 2008, Liberty Meadows and the Village take the position that the developer’s requirement to meet the conditions was tolled pending a prior article 78 petition that was dismissed by order entered on January 30, 2009. They assert, further, that because the Village Code, on January 30, 2009, required the Village Board of Trustees to vote to accept the Planning Board’s approval, it was not until July 7, 2009, when this court’s judgment declaring such Village Code provision void was entered, that the Planning Board’s approval became final and that the 180-day period set forth under Village Law § 7-728 began to run, which would extend it until January 2010. During that period, Liberty Meadows applied for and received an extension of time. Liberty Meadows also argues that since petitioner/plaintiff failed to take action within the statutory time period required to challenge the ZBA’s October *1089 9, 2009 action, extending the developer’s time to meet Planning Board conditions, its “motion” herein is barred by the applicable statute of limitations.
Village Law § 7-728 (7) (c) states:
“Duration of conditional approval of final plat. Conditional approval of the final plat shall expire within one hundred eighty days after the resolution granting such approval unless all requirements stated in such resolution have been certified as completed. The planning board may extend by not more than two additional periods of ninety days each the time in which a conditionally approved plat must be submitted for signature if, in the planning board’s opinion, such extension is warranted by the particular circumstances.”
In the July 24, 2008 resolution granting conditional final approval, the first condition of the approval was that Liberty Meadows “[o]btain final approval from the Village Board of Trustees pursuant to § 220-44 prior to filing with the Suffolk County Clerk’s Office.” Liberty Meadows brought a declaratory judgment action challenging the validity of the provision requiring Board of Trustees approval. By order entered July 7, 2009, this court granted summary judgment to Liberty Meadows, finding that the provision of the Village of Port Jefferson Code which conditioned final approval on approval by the Board of Trustees was void as an improper delegation of Planning Board authority.
Expiration of Final Conditional Approval
As set forth above, final conditional approval of a subdivision plat expires 180 days or, if extended, 360 days after the approval is granted. In the Village of Port Jefferson, at the time the respondent Liberty Meadows received its approval from the Planning Board, all Planning Board approvals of subdivision plats were subject to the further approval of the Village Board of Trustees. (Village Code § 220-44.)
In construing statutes, it is the court’s role to harmonize all relevant provisions and give meaning to all related parts, so that the legislative intent can be given accord. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 91, 98; People v Finley, 10 NY3d 647 [2008]; Friedman v Connecticut Gen. Life Ins. Co., 9 NY3d 105 [2007].) Clearly, the mandate of statutory construction is to assume that the legislature does not intend a patently *1090 absurd result. (See Statutes § 145; Jenkins v Fieldbridge Assoc., LLC, 65 AD3d 169 [2d Dept 2009].)
The Village Code sets forth a time limit after approval becomes final to permit an applicant to meet any conditions and clearly to assure that they do not become stale. In the statutory scheme extant in the Village of Port Jefferson in July 2008, when the Planning Board issued its determination, its conditional approval did not become “final” until approved by the Village Board of Trustees, which had the authority under the Village Code to reverse and/or alter the Planning Board’s determination. How can an applicant be expected to commence complying with conditions of one municipal body that may become altered by another municipal body? Thus, it was not until this court found the provision of the Village Code improper, in its order entered on July 7, 2009, that the Planning Board’s conditional approval of the subdivision at issue became final. That is the day that the 180 days set forth under Village Law § 7-728 began to run.
As set forth above, Village Law § 7-740 stays all actions of the Planning Board when challenged by an article 78 proceeding and/or declaratory judgment action. Petitioner/plaintiff herein commenced this proceeding/action challenging the actions, inter alia of the Planning Board, on October 8, 2009. That action stayed the Planning Board from taking further action on the subdivision at issue. However, the court finds that the statutory stay of Planning Board actions under Village Law § 7-740 also tolls the applicant’s time to meet the conditions set forth in a final conditional approval by that body. The court’s determination in this regard, despite the lack of case law on this issue, is based on the same grounds as that set forth above. While the Planning Board is stayed and the action itself can result in a reversal and/or alteration of the conditions to be imposed, it simply makes no sense to allow the clock to continue to tick. Accordingly, the number of days of the 180 days that have run thus far are from entry of this court’s order of July 7, 2009 until the date of commencement of this proceeding against the Planning Board. Upon the entry of this order, the applicant’s time under Village Law § 7-728 will continue to run. In so ruling, this court finds that any action of the Planning Board extending the time for an extra 180 days would have no force and effect to the extent that it was taken after this proceeding against the Planning Board was commenced.
*1091 Timeliness of Appeal to Zoning Board of Appeals
Section 250-50 (A) of the Village Code states, in pertinent part: “If, in the opinion of the Building Inspector, any plan and/or application submitted does not comply with the provisions of this chapter, he shall return to the applicant one copy of the plans with his written disapproval.”
Section 250-50 (B) states that an appeal to the ZBA from such action must be taken within 30 days from the disapproval.
Section 220-34 (C) of the Village Code allows a developer to obtain permits for model homes from the building inspector. There is no time period set forth under the Village Code for a disapproval of the same.
Village Law § 7-712-a (5) (b) provides that an appeal of any order, requirement, decision, interpretation or determination of an administrative official “shall be taken within sixty days after the filing [of the same].”
The determination of the building inspector in this case that gave rise to the appeals to the ZBA was that the application for a model home did not comply with the provisions of chapter 220 of the Village Code. Accordingly, the time to appeal such finding by the building inspector to the Port Jefferson ZBA was 60 days, pursuant to Village Law § 7-712-a.
Accordingly, the determination of the ZBA was not time-barred under state law or the Village Code.
Usurpation of Roles of Other Bodies
In affidavits submitted in opposition to the hybrid petition/ action and in support of the Village’s motion to dismiss the same, both the building inspector and a member of the Zoning Board of Appeals take issue with petitioner/plaintiff s allegations to the extent that the petition states that the ZBA has usurped the authority of the building inspector to review the propriety of a building permit before such is issued. The building inspector asserts that he has every intention of doing so and that he has not yet done so because his original disapproval of the permit was based solely on a timeliness issue, on which he was overruled.
The ZBA member states that in approving the issuance of the building permit for the model home, the ZBA never had the intention to usurp the authority of the building inspector and he understands that he will review the same in his statutory role before he acts.
*1092 Accordingly, this issue appears to the court to be moot.
SEQRA
For the fourth time, the petitioner/plaintiff claims that the latest approval by the Planning Board, this time in the nature of referral to the building inspector to issue a building permit for a model home, requires that the lead agency comply with the State Environmental Quality Review Act. As set forth in the papers of the Village, quoting the minutes of a Planning Board September 24, 2009 meeting: “SEQRA reviewed documents in file. No further review necessary at this time. This application is in conformance with prior approved plan. Therefore, no new environmental issues involved.”
Under the circumstances, and in light of the fact that SEQRA issues concerning this subdivision, of which the model home is a part, have been reviewed by this court and the Appellate Division on several other occasions, the court finds no reason to substitute its judgment for that of the Village Planning Board.
Conclusion
Based on the above, the court grants the motions of the Village and Liberty Meadows for summary judgment, dismissing the petitioner/plaintiff s complaint. The court has found that the determinations of the Planning Board and the Village Zoning Board of Appeals that are challenged were timely, and that the Planning Board complied with SEQRA. The extension of time granted by the Planning Board, however, occurred during a period when the Village Law § 7-740 stay was in effect, and is, therefore, of no effect.

 The court notes that its decision and order was entered in the County Clerk’s office on May 18, 2009. The judgment was entered on July 7, 2009 as reflected in exhibit B of the affirmation in opposition of Liberty Meadows’ counsel. Notwithstanding that counsel for both parties have stated contrary dates in their respective papers (July 2, 2009 and July 9, 2009) as the entry date, the court is using July 7, 2009, the actual entry date stamped on the judgment by the County Clerk.