[938 NE2d 931, 912 NYS2d 498]

In the Matter of Oscar Cintron, Appellant, v Judith A. Calogero, as Commissioner of the Division of Housing and Community Renewal of the State of New York, Respondent.

Argued September 13, 2010; decided October 19, 2010

## POINTS OF COUNSEL

*BAS Legal Advocacy Program, Inc.*, Bronx (*Randolph Petsche* of counsel), for appellant. I. The existence of a rent reduction order issued pursuant to Rent Stabilization Law (Administrative Code of City of NY) § 26-514 more than four years prior to the filing of a rent overcharge complaint—where the owner had knowledge of the rent reduction order and failed to observe it— creates an exception to the four-year statute of limitations otherwise imposed for the purpose of determining rent overcharge complaints and freezes the rent at the time the order was first issued. (*Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 13 NY3d 855; *Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424; *Thornton v Baron*, 5 NY3d 175; *Matter of 72A Realty Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 298 AD2d 276; *Thelma Realty Co. v Harvey*, 190 Misc 2d 303; *Crimmins v Handler & Co.*, 249 AD2d 89; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128; *Matter of Zumo Mgt. v State of N.Y. Div. of Hous. & Community Renewal*, 183 Misc 2d 107; *Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227.) II. The decision of the Appellate Division is in direct conflict with the decision of the Appellate Division, Second Department, in *Jenkins v Fieldbridge Assoc., LLC* (65 AD3d 169 [2009]); the Court should adopt the findings of *Jenkins* and freeze appellant's rent from the issuance of the rent reduction order through the statutory four-year period. (*Matter of*

*Highlawn Assoc. v Division of Hous. & Community Renewal*, 309 AD2d 750; *Matter of Ador Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128; *Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424; *Thelma Realty Co. v Harvey*, 190 Misc 2d 303; *Matter of Hyde Park Assoc. v Higgins*, 191 AD2d 440.)

*Gary R. Connor, General Counsel, New York State Division of Housing and Community Renewal*, New York City (*Martin B. Schneider* of counsel), for respondent. The Division of Housing and Community Renewal's final order, finding the base rent date to be December 11, 1999, and establishing the tenant's legal base rent as the amount paid on that date and freezing same until February 1, 2004 during a period when rent reduction orders were extant, and directing the owner to refund overcharges collected from the base date to February 1, 2004, inclusive of treble damages, is supported by a rational basis in the record. (*Matter of Long v Adirondack Park Agency*, 76 NY2d 416; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222; *Thornton v Baron*, 5 NY3d 175; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144; *Zafra v Pilkes*, 245 AD2d 218; *Matter of Partnership 92 LP v State of N.Y. Div. of Hous. & Community Renewal*, 11 NY3d 859; *Matter of Hawco v State of N.Y. Div. of Hous. & Community Renewal*, 281 AD2d 294; *Matter of Silver v Lynch*, 283 AD2d 213; *Matter of Sessler v New York State Div. of Hous. & Community Renewal*, 282 AD2d 262; *Matter of Anderson v Lynch*, 292 AD2d 603.)

*South Brooklyn Legal Services*, Brooklyn (*John C. Gray, Edward Josephson* and *Pavita Krishnaswamy* of counsel) and *Queens Legal Services*, Jamaica (*Heejung Kook* of counsel), for Pratt Area Community Council and others, amici curiae. I. The Appellate Division wrongly held that the four-year statute of limitations precluded the Division of Housing and Community Renewal (DHCR) from giving full effect to the continuing rent reduction order of DHCR. (*Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518; *Matter of Hyde Park Assoc. v Higgins*, 149 Misc 2d 682; *Crimmins v Handler & Co.*, 249 AD2d 89; *Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424; *Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169; *Thelma Realty Co. v Harvey*, 190 Misc 2d 303; *Hollis Realty Co. v Glover*, 179 Misc 2d 522; *Matter of Grossman v Rankin*, 43 NY2d 493; *Roberts v Tishman*

*Speyer Props., L.P.*, 13 NY3d 270; *Thornton v Baron*, 5 NY3d 175.) II. The Division of Housing and Community Renewal's finding that a four-year statute of limitations applied in this instance was erroneous and is not entitled to deference by this Court because the underlying issue is one of pure statutory interpretation best reserved for this Court to resolve. (*Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270; *Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303; *Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359; *Matter of ATM One v Landaverde*, 2 NY3d 472.) III. The rule articulated by the First Department in the instant case, if upheld, will have devastating consequences for tenants who are unaware of the legal rent on their rent-stabilized apartments. (*Matter of Rockaway One Co., LLC v Wiggins*, 35 AD3d 36; *Curry v Battistotti*, 5 Misc 3d 1012[A], 2004 NY Slip Op 51355[U], 12 Misc 3d 129[A], 2006 NY Slip Op 51030[U]; *446 Realty Co. v Higbie*, 196 Misc 2d 109; *Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169; *Matter of Lyndonville Props. Mgt. v Division of Hous. & Community Renewal*, 291 AD2d 311; *Hollis Realty Co. v Glover*, 179 Misc 2d 522; *Thelma Realty Co. v Harvey*, 190 Misc 2d 303.)

*Legal Aid Society*, Brooklyn (*Steven Banks, Patrick J. Langhenry, Stephen Myers* and *Jamila Wideman* of counsel), for Met Council, Inc., amicus curiae. I. Harmonizing the relevant sections of the Rent Stabilization Law and Rent Stabilization Code requires a holding that rent reduction orders are continuing orders which are not subject to the four-year look-back rule. (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Matter of H.O. Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 103; *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225; *Sanders v Winship*, 57 NY2d 391; *Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518; *Matter of Hyde Park Assoc. v Higgins*, 149 Misc 2d 682, 191 AD2d 440; *Matter of Hyde Park Gardens v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 140 AD2d 351, 73 NY2d 998; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal*, 147 AD2d 642; *Thornton v Baron*, 5 NY3d 175; *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144.) II. Since a rent registration that ignores a rent reduction order is a nullity, the existence of a rent overcharge may not be determined by examining the rent registration history. (*Thornton v Baron*, 5 NY3d 175; *People v Rice*, 44 AD3d

247, 9 NY3d 992; *People v Schonfeld,* 74 NY2d 324; *Matter of Vlachos v New York City Loft Bd.,* 118 AD2d 378; *Jenkins v Fieldbridge Assoc., LLC,* 65 AD3d 169.) III. The Appellate Division's decision should be reversed because it undermines the rent stabilization system and encourages fraud. (*Drucker v Mauro,* 30 AD3d 37, 7 NY3d 844; *390 W. End Assoc. v Harel,* 298 AD2d 11; *Thornton v Baron,* 5 NY3d 175; *Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.,* 68 AD3d 29; *Matter of ANF Co. v Division of Hous. & Community Renewal,* 176 AD2d 518; *Matter of Hyde Park Gardens v State of N.Y., Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 140 AD2d 351, 73 NY2d 998; *Matter of Empress Manor Apts. v New York State Div. of Hous. & Community Renewal,* 147 AD2d 642.) IV. A landlord who has raised the rent notwithstanding a rent reduction order and filed fraudulent rent registrations should be estopped from asserting the four-year look-back rule as a defense. (*Thornton v Baron,* 5 NY3d 175; *Drucker v Mauro,* 30 AD3d 37; *390 W. End Assoc. v Harel,* 298 AD2d 11; *Simcuski v Saeli,* 44 NY2d 442.)

**OPINION OF THE COURT**

CIPARICK, J.

On this appeal, we are asked to interpret the Rent Stabilization Law to ascertain the consequences on a current rent overcharge claim of two rent reduction orders issued prior to, but in effect during, the four-year period preceding the filing of an overcharge claim. We conclude that the Division of Housing and Community Renewal (DHCR) should, in calculating any rent overcharge, honor rent reduction orders that, while issued prior to the four-year limitations period, remained in effect during that period.

I.

In 1986, petitioner Oscar Cintron became a tenant of 2975 Decatur Avenue, apartment 5C, in the Bronx, at an initial stabilized rent of $348.91 per month. The following year, petitioner filed a complaint with DHCR against the building's then owner, alleging a decrease in services related to, among other things, the apartment's refrigerator, door lock and fire escape window. As a result of the complaint, DHCR issued an order reducing petitioner's rent "by the percentage of the most recent guidelines adjustment for the tenant's lease which commenced before the effective date of th[e] rent reduction [order]," and providing that the owner could not collect any rent

increase until a rent restoration order was issued. The rent reduction order did not set a particular level of rent. According to petitioner, the 1987 rent reduction order should have resulted in a reduction of his rent to $326.23 per month.

In 1989, petitioner filed another complaint with DHCR, alleging a roach infestation of the apartment's stove. DHCR issued another rent reduction order. Despite the 1987 and 1989 rent reduction orders, however, the owner failed to make any repairs and continued to charge petitioner the unreduced rent.

In 1991, when the current owner purchased the building, petitioner allegedly advised him of the rent reduction orders. Although the current owner apparently also failed to make any repairs, petitioner continued to pay the unreduced rent and entered into a series of leases requiring him to pay greater rents.

On December 11, 2003, petitioner filed a complaint alleging that the rent of $579.99 charged in the lease then in effect constituted an overcharge based on the current and prior owners' failure to comply with the 1987 and 1989 rent reduction orders. A DHCR Rent Administrator determined that the base date to be used was the date four years prior to the filing of the overcharge complaint—December 11, 1999—and established that the legal regulated rent on the base date was $508.99, which was the rent charged by the current owner and paid by petitioner on that date. Although taking notice of the 1987 and 1989 rent reduction orders, the Rent Administrator in establishing the legal stabilized rent calculated the overcharge using the base date of December 11, 1999. The Rent Administrator awarded petitioner a rent refund of $1,008.77, which included interest but did not include treble damages, and prospectively froze the rent at the base date level from December 11, 1999 until February 1, 2004. Effective February 1, 2004, the Rent Administrator removed the 1987 and 1989 rent reduction orders and restored the rent to the full amount of $579.99, which included rent increases.

Petitioner sought administrative review of the Rent Administrator's order. DHCR granted the petition for administrative review to the extent of modifying the order by (1) reversing the portion of the order that denied treble damages and (2) awarding treble damages beginning two years prior to the filing of the overcharge complaint. DHCR denied the remainder of petitioner's challenges, concluding that the Rent Administrator properly limited recovery to the four years preceding the overcharge

complaint and correctly used the base date rent—$508.99 as of December 11, 1999—rather than the rent established by the 1987 and 1989 rent reduction orders in calculating the overcharge.

Petitioner commenced this CPLR article 78 proceeding seeking to annul DHCR's order. Supreme Court denied the petition and dismissed the proceeding, concluding that DHCR's determination was not arbitrary or capricious and had a rational basis.

On petitioner's appeal, the Appellate Division affirmed, holding:

> "The order, finding the base rent date to be December 11, 1999 (four years prior to the filing of the overcharge complaint), establishing the legal base rent as the amount paid on that date, freezing that rent until February 1, 2004, during which time rent reduction orders were extant, and directing the owner to refund overcharges collected from the base rent date inclusive of treble damages, was not arbitrary and capricious, and had a rational basis" (*Matter of Cintron v Calogero*, 59 AD3d 345, 346 [1st Dept 2009] [citations omitted]).[1]

Petitioner appealed to this Court by permission of the Appellate Division, which certified the following question: "Was the order of this Court, which affirmed the order of the Supreme Court, properly made?" Because the Appellate Division order is final, we need not answer the certified question.

## II.

Regardless of the forum in which it is commenced, a rent overcharge claim is subject to a four-year statute of limitations (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2] [hereinafter Rent Stabilization Law]; CPLR 213-a).[2] The Rent Regulation Reform Act of 1997 "clarified and reinforced the four-year statute of limitations

---

**1.** The Appellate Division further held that "DHCR appropriately limited the amount of rent overcharges recoverable to the four years prior to the filing of the overcharge complaint" (59 AD3d at 346). This is not an issue on this appeal as petitioner has abandoned his claim for rent overcharges in excess of four years prior to the filing of his rent overcharge claim with DHCR. Petitioner is merely seeking to have the base rent date set at an earlier time.

**2.** Rent Stabilization Law § 26-516 (a) (2) states:

"[A] complaint under this subdivision shall be filed with [DHCR] within four years of the first overcharge alleged and no determi-

applicable to rent overcharge claims . . . by limiting examination of the rental history of housing accommodations prior to the four-year period preceding the filing of an overcharge complaint" (*Thornton v Baron*, 5 NY3d 175, 180 [2005], citing *Matter of Gilman v New York State Div. of Hous. & Community Renewal*, 99 NY2d 144, 149 [2002]; *see also Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358 [2010] [decided today]). Notably, the term "rental history" is not defined in the relevant statutes or in DHCR regulations and we need not attempt to define it here. As we have previously explained, the purpose of the four-year limitations or look-back period is to "alleviate the burden on honest landlords to retain rent records indefinitely" (*Thornton*, 5 NY3d at 181, citing *Matter of Gilman*, 99 NY2d at 149; *see also Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 174 [2d Dept 2009], *appeal dismissed* 13 NY3d 855 [2009]).

Moreover, Rent Stabilization Law § 26-514, which addresses rent reduction orders, states:

"[A]ny tenant may apply to [DHCR] for a reduction in the rent to the level in effect prior to its most recent adjustment and for an order requiring services to be maintained as provided in this section, and [DHCR] shall so reduce the rent if it is found that the owner has failed to maintain such services. *The owner shall also be barred from applying for or collecting any further rent increases*. The restoration of such services shall result in the prospective elimination of such sanctions" (emphasis added).

Rent reduction orders thus place a "continuing obligation"

---

nation of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed . . . This paragraph shall preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to this subdivision,"

and CPLR 213-a states:

"An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged and no determination of an overcharge and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action."

upon an owner to reduce rent until the required services are restored or repairs are made (*Thelma Realty Co. v Harvey*, 190 Misc 2d 303, 305-306 [App Term, 2d Dept 2001]; *see also Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424, 425 [2d Dept 2004], *lv denied* 5 NY3d 705 [2005]; *Crimmins v Handler & Co.*, 249 AD2d 89, 91 [1st Dept 1998]). Here, it is alleged that the landlord failed to fulfill his continuing obligation by willfully flouting DHCR rent reduction orders.

The Rent Stabilization Law and Code are unfortunately silent as to the effect that a rent reduction order, issued prior to the four-year limitations period but still in effect during that period, as is the case here, has on a subsequent overcharge complaint based on that order. Petitioner argues that DHCR rent reduction orders must be considered by DHCR in establishing the legal stabilized rent for an apartment for the purposes of an overcharge complaint and that, because the rent reduction orders here remained in effect—and imposed a continuing duty on the landlord to reduce rent—during the relevant four-year period, the four-year look-back rule is no bar to considering those orders for the purposes of calculating the amount by which petitioner was overcharged (*see Thornton*, 5 NY3d at 180; *see also Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 755-756 [2d Dept 2009]; *Jenkins*, 65 AD3d at 173). DHCR, on the other hand, argues that its determination is supported by a rational basis and is consistent with the statute as the Legislature intended the four-year limitations/look-back period to be absolute, prohibiting the consideration of earlier rent records for the purpose of calculating a rent overcharge.

In this matter of statutory construction, where deference to an agency's interpretation is not required (*see e.g. Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 285 [2009]), we find petitioner's argument more persuasive as it best reconciles and harmonizes the legislative aims of both the four-year limitations/look-back period as set forth in Rent Stabilization Law § 26-516 (a) (2) and CPLR 213-a and the "continuing obligation" of a landlord to reduce rent and make repairs as per Rent Stabilization Law § 26-514 (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 95, 96 [in interpreting statutes, the goal is to further the intent, spirit and purpose of a statute, to harmonize all parts of a statute to give effect and meaning to every part]).

Certainly, DHCR can take notice of its own orders and the rent registrations it maintains to ascertain the rent established

by a rent reduction order without imposing onerous obligations on landlords. Moreover, refusing to give effect to a rent reduction order's direction to roll back rent in cases where the order remained in effect during the statutory four-year period would countenance the landlord's failure to restore required services and thwart the goals of the Legislature in enacting Rent Stabilization Law § 26-514, namely, to "motivate owners of rent-stabilized housing accommodations to provide required services, compensate tenants deprived of those services, and preserve and maintain the housing stock in New York City" (*Jenkins*, 65 AD3d at 173, citing *Matter of Hyde Park Assoc. v Higgins*, 191 AD2d 440, 442 [1st Dept 1993]). In short, rent reduction orders impose a continuing obligation on a landlord and, if still in effect during the four-year period, are in fact part of the rental history which DHCR must consider.

We conclude that the purposes of the relevant statutes are best served here if DHCR calculates the amount of rent overcharge by reference to the 1987 and 1989 rent reduction orders, which remained in effect during the four-year limitations period and, accordingly, were part of the rental history that the Rent Stabilization Law permits DHCR to consider.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court with directions to remand to respondent DHCR for further proceedings in accordance with this opinion. The certified question should not be answered upon the ground that it is unnecessary.

SMITH, J. (dissenting). The relevant provisions of the Rent Regulation Reform Act of 1997 seem as clear to me as they did when I dissented in *Thornton v Baron* (5 NY3d 175 [2005]).

> "[N]o determination of an overcharge and no award or calculation of an award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed. . . . This paragraph shall preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to this subdivision" (Rent Stabilization Law [RSL] of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; *see also id.* § 26-516 [a] ["Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration state-

ment is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter"]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2]).

In *Thornton*, this Court, unjustifiably I thought, wrote an exception into the statute, and in this case it writes another one, which I also think unjustified.

I grant that there is some tension between the command of the 1997 Reform Act that rental history going back more than four years may not be considered and the provision of RSL § 26-514 that rent reduction orders based on a failure to provide required services remain in effect until the deficiency in services is cured. There is not such a stark conflict, however, as to justify the majority's choice to let one statute nullify the other. DHCR has, it seems to me, found a fair solution by ordering that, where the noncompliance goes on for more than four years, the rent is in effect frozen for a rolling four-year period—so that the tenant cannot get the advantage of a rent level more than four years old, but the landlord is never free from the reduction order's effect. This works no undue hardship on the tenant, who need only file a complaint within four years of being overcharged to avoid any time bar.

It is thus unnecessary to resort to the fiction embraced by the majority that a rent level existing more than four years earlier is transformed by the rent reduction order into a "part of the [more recent] rental history which DHCR must consider" (majority op at 356). I would affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and JONES concur with Judge CIPARICK; Judge SMITH dissents and votes to affirm in a separate opinion.

Order reversed, etc.