■ In the Matter of JP & ASSOCIATES CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [996 NYS2d 643]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated March 5, 2012, which modified a determination of the Rent Administrator dated December 31, 2009, by recalculating a refund and a penalty for rent overcharges and awarding attorneys' fees, the petitioner appeals from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated January 8, 2013, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In November 2008, a tenant in a residential apartment building owned by the petitioner filed an administrative complaint alleging a rent overcharge based, in part, on a rent reduction order dated December 20, 2004. The Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), without considering the rent reduction order, found that the tenant was charged in excess of the legal regulated rent and awarded him treble damages. Subsequently, the tenant filed a petition for administrative review (hereinafter PAR). In a determination dated March 5, 2012, the Deputy Com-

missioner of the DHCR modified the Rent Administrator's determination by recalculating the overcharges and treble damages to take into account the rent reduction order, and by awarding attorneys' fees.

In this proceeding in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]).

Here, the Deputy Commissioner properly relied on the rent reduction order dated December 20, 2004, in determining the rent overcharge for the subject apartment (*see Scott v Rockaway Pratt, LLC*, 17 NY3d 739, 740 [2011]; *Matter of Cintron v Calogero*, 15 NY3d 347, 351, 356 [2010]; *Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 755-756 [2009]; *Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 170 [2009]). Moreover, the Deputy Commissioner's determination with respect to the awards of treble damages and attorneys' fees was reasonable, and was not arbitrary and capricious (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]; Rent Stabilization Code [9 NYCRR] § 2526.1 [d]; *Matter of 508 Realty Assoc., LLC v New York State Div. of Hous. & Community Renewal*, 61 AD3d 753, 754-755 [2009]; *Matter of East 163rd St. v New York State Div. of Hous. & Community Renewal*, 4 Misc 3d 169, 174-175 [Sup Ct, Bronx County 2004]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the CPLR article 78 proceeding. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.