Onate v Fernandez (2020 NY Slip Op 03384)





Onate v Fernandez


2020 NY Slip Op 03384


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2017-07707
 (Index No. 2165/16)

[*1]Beatriz Onate, appellant, 
v
Maria Fernandez, respondent.


Catholic Migration Services, Sunnyside, NY (Mariam Mager and Simpson Thacher & Bartlett, LLP [Joseph M. McLaughlin, Rachel S. Sparks Bradley, and Amy L. Dawson], of counsel), for appellant.
Gary J. Wachtel, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for rent overcharges, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered March 7, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, and, in effect, denied that branch of the plaintiff's cross motion which was for leave to amend the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the first cause of action is denied and that branch of the plaintiff's cross motion which was for leave to amend the complaint is granted.
The plaintiff resides in a rent-stabilized apartment owned by the defendant. The plaintiff commenced the instant action seeking, in her first cause of action, to recover damages for rent overcharges, based upon a rent reduction order imposed by the New York State Division of Housing and Community Renewal (hereinafter DHCR), effective May 1, 1986. The defendant subsequently moved, inter alia, for summary judgment dismissing that cause of action, contending, among other things, that the statute of limitations had expired. The plaintiff cross-moved, inter alia, to amend the complaint so as to allege the applicability of a second rent reduction order issued by DHCR, effective November 1, 1986, and to eliminate her second cause of action. In an order entered March 7, 2017, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action and, in effect, denied the plaintiff's cross motion as academic. The plaintiff appeals.
To the extent that the plaintiff seeks to rely upon certain amendments to CPLR 213-a and Administrative Code of the City of New York § 26-516, enacted in part F of the Housing Stability and Tenant Protection Act of 2019 (see L 2019, ch 36, part F), which concern the calculation of rent overcharges, those amendments cannot be applied retroactively to this action (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, _____ NY3d _____, 2020 NY Slip Op 02127).
Nevertheless, the plaintiff's first cause of action to recover damages for rent overcharges based upon the May 1, 1986, rent reduction order was not barred by the then-applicable four-year statute of limitations and the "look-back rule," precluding examination of the rental history prior to the four-year period preceding commencement of the action (see former Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516[a][2]; former CPLR 213-a; Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, _____ NY3d _____, 2020 NY Slip Op 02127). Because rent reduction orders impose a continuing obligation on landlords, tenants are entitled to recover for any rent overcharges occurring during the applicable limitations period by reference to rent reduction orders that remain in effect during that period, even if the rent reduction order was initially issued outside the limitations period (see Scott v Rockaway Pratt, LLC, 17 NY3d 739; Matter of Cintron v Calogero, 15 NY3d 347, 355; Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 740, 741).
To the extent that the defendant argues, alternatively, that the first cause of action should have been dismissed on the basis of res judicata or collateral estoppel in light of a prior DHCR proceeding concerning the subject apartment, the defendant waived that defense by failing to raise it in a pre-answer motion to dismiss or as an affirmative defense in her answer (see CPLR 3211[e]; Bonanni v Horizons Invs. Corp., 179 AD3d 995, 1001).
Finally, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for leave to amend the complaint, as the amendment would not result in prejudice or surprise to the defendant and was neither palpably insufficient nor patently devoid of merit (see CPLR 3025[b]; Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013).
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court