Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01086)

Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01086

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-00915
 (Index No. 4446/19)

[*1]In the Matter of 88-05 171, LLC, appellant,
v
New York State Division of Housing and Community Renewal, et al., respondents.

Golino Law Group, PLLC, New York, NY (Santo Golino of counsel), for appellant.
Mark F. Palomino, New York, NY (Sandra A. Joseph of counsel), for respondent New York State Division of Housing and Community Renewal.
Catholic Migration Services, Sunnyside, NY (Andrew Lehrer of counsel), for respondent Gladys Perez.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated May 22, 2019, which upheld the determination of a Rent Administrator dated May 10, 2018, the petitioner appeals from a judgment of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered November 25, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs.
The petitioner, 88-05 171, LLC, commenced this proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), upholding a determination of a Rent Administrator which granted a tenant's rent overcharge complaint and directed the petitioner to refund the tenant $35,516.98 for overcharges and interest. In calculating the amount of the overcharges, the Rent Administrator applied a 1989 rent reduction order, which was still in effect during the limitations period, to the period before rent was restored. The petitioner argued, among other things, that the January 2014 promulgation of Rent Stabilization Code (9 NYCRR) § 2526.1(a)(2)(v) made consideration of such rent reduction orders discretionary, modifying the Court of Appeals' holding in Matter of Cintron v Calogero (15 NY3d 347), and that the DHCR acted irrationally and abused its discretion by considering the 1989 rent reduction order since there was no showing that the required services had not been long restored, before the current tenancy, and it took ownership of the building after rent was restored. The Supreme Court denied the petition and dismissed the proceeding, determining that the DHCR properly considered the 1989 rent reduction order. The petitioner appeals.
The Deputy Commissioner's determination was not made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Scott v Rockaway Pratt, LLC, 17 NY3d 739, 740; Matter of Cintron v Calogero, 15 NY3d at 355-356; Matter of Napa Partners, LLC v Division of Hous. & Community Renewal, 158 AD3d 632, 633). The DHCR's interpretation of Rent Stabilization Code (9 NYCRR) § 2526.1(a)(2)(v) as simply a codification of Matter of Cintron v Calogero (15 NY3d 347) was not irrational or [*2]unreasonable and is entitled to deference (see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 10 NY3d 474, 481; Ollie Assoc. LLC v Devis, 58 Misc 3d 640, 649 [Civ Ct, Bronx County]; Portofino Realty Corp. v Apartment Owners Advisory Council, 2017 NY Slip Op 32773[U], *23-24 [Sup Ct, Kings County], affd in part 193 AD3 773). "Because rent reduction orders impose a continuing obligation on landlords, tenants are entitled to recover for any rent overcharges occurring during the applicable limitations period by reference to rent reduction orders that remain in effect during that period" (Onate v Fernandez, 184 AD3d 725, 726-727). Moreover, even if Rent Stabilization Code (9 NYCRR) § 2526.1(a)(2)(v) introduced discretion to the DHCR to not consider old, but still effective, rent reduction orders in calculating overcharges (but see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516[h] [applicable to claims administratively pending or filed on or after June 14, 2019]), the DHCR's consideration of the 1989 rent reduction order here was not an abuse of any such discretion (see Matter of Napa Partners, LLC v Division of Hous. & Community Renewal, 158 AD3d at 633; see also 9 NYCRR 2523.3, 2523.4[a][1]; 2526.1[f][2][i]; Matter of Wembly Mgt. Co., Inc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 30 AD3d 296, 297; Brea v Jackson Hgts. Props., 281 AD2d 579, 580).
The petitioner's contentions that the DHCR's document retention policy violated its right to due process and the imposition of successor liability for overcharges violated the Excessive Fines Clause of the Eighth Amendment of the United States Constitution are not properly before this Court, as they were not raised in the administrative proceedings or the petition (see Matter of Peckham v Calogero, 12 NY3d 424, 430; Collins v 7-11 Corp., 146 AD3d 931, 932).
Accordingly, we affirm the judgment denying the petition and dismissing the proceeding.
BARROS, J.P., BRATHWAITE NELSON, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court