Matter of Hack v Town Bd. of Town of Putnam Val. (2023 NY Slip Op 04125)

Matter of Hack v Town Bd. of Town of Putnam Val.

2023 NY Slip Op 04125

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-08332
 (Index No. 500182/20)

[*1]In the Matter of Bruce A. Hack, et al., appellants,
v
Town Board of Town of Putnam Valley, respondent.

Cuddy & Feder, LLP, White Plains, NY (Michael V. Caruso of counsel), for appellants.
Van DeWater & Van DeWater, LLP, Poughkeepsie, NY (Sarah E. Ryan of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Putnam Valley dated January 1, 2020, banning the use of ice-retardant devices on Lake Oscawana, and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Gina C. Capone, J.), dated May 4, 2020. The order and judgment, insofar as appealed from, granted those branches of the cross-motion of the Town Board of the Town of Putnam Valley which were pursuant to CPLR 3211 and 3212 to dismiss the second and third causes of action in the petition/complaint, and dismissed those causes of action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In February 2020, the petitioners/plaintiffs, owners of docks or lake-front property abutting Lake Oscawana in Putnam Valley (hereinafter the lake-front owners), commenced this hybrid proceeding/action against the respondent/defendant Town Board of the Town of Putnam Valley (hereinafter the Town Board) pursuant to CPLR article 78 to annul a resolution of the Town Board banning the use of ice-retardant devices on Lake Oscawana (hereinafter the ice law), and for related relief. In a motion denominated as a cross-motion, the Town Board moved, inter alia, to dismiss the petition/complaint and for summary judgment dismissing the petition/complaint. In an order and judgment dated May 4, 2020, the Supreme Court, inter alia, granted those branches of the motion of the Town Board which were to dismiss the second and third causes of action and dismissed those causes of action. This appeal ensued.
In reviewing the Town Board's actions as an administrative determination, this Court must consider only whether the "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (id. § 7803[3]). Thus, judicial review of such a determination, made without a formal hearing, is limited to whether the determination was arbitrary and capricious, or without rational basis in the administrative record (see Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Woodson v Town of Riverhead, [*2]203 AD3d 935, 935). Here, the second cause of action alleged that the determination of the Town Board was arbitrary, capricious, or irrational, thus it is subject to review only pursuant to CPLR article 78 (see Matter of Wehr v Brown, 169 AD3d 807, 808; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d 1004, 1006-1007). Contrary to the contention of the lake-front owners, the Town Board demonstrated that its determination to issue the resolution adopting the ice law was rational and not arbitrary or capricious (see Matter of Rada Corp. v Gluckman, 171 AD3d 1189, 1189; Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 739, 739). Accordingly, the second cause of action, seeking to annul the Town Board's determination as arbitrary, capricious, and irrational, was properly dismissed.
With respect to the third cause of action, alleging that the resolution of the Town Board was not supported by substantial evidence, the substantial evidence standard of review is inapplicable here as the challenged determinations did not arise from a quasi-judicial hearing required by law (see CPLR 7803[4]; Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City, 62 AD3d at 1007). Accordingly, the Supreme Court also properly dismissed the third cause of action, seeking to annul the Town Board's determination for lack of substantial evidence.
The lake-front owners' remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court