Matter of Simon Green, Inc. v New York State Div. of Hous. & Community Renewal (2024 NY Slip Op 03052)

Matter of Simon Green, Inc. v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 03052

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-07725
 (Index No. 521043/20)

[*1]In the Matter of Simon Green, Inc., appellant,
v
New York State Division of Housing and Community Renewal, respondent-respondent, et al., respondent.

Hertz, Cherson & Rosenthal, P.C., Forest Hills, NY (David Troupp of counsel), for appellant.
Mark F. Palomino, New York, NY (Dawn Ivy Schindelman of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of a Deputy Commissioner of the New York State Division of Housing and Community Renewal dated September 9, 2020, which upheld the determination of a Rent Administrator dated October 18, 2018, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lillian Wan, J.), dated September 9, 2021. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owned a certain building on MacDonough Street in Brooklyn (hereinafter the building) consisting of multiple apartments, including the subject apartment. In 1996, the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR) found that certain services in the building were not maintained and issued a rent reduction order (hereinafter the 1996 RRO), which imposed a rent freeze for rent-stabilized apartments in the building and reduced the rent for rent-controlled apartments in the building by an itemized amount per month. At the time the 1996 RRO was issued, the subject apartment was rent-controlled. In 1997, the prior owner of the building applied for rent restoration for both the rent-controlled and rent-stabilized apartments in the building, and the DHCR issued a partial rent restoration order (hereinafter the 1997 PRRO). The 1997 PRRO found that some, but not all, of the services identified in the 1996 RRO had been restored. The 1997 PRRO permitted a partial rent restoration of $10 and allowed certain other increases in the rent for the listed rent-controlled apartments, which included the subject apartment. In 1998, the respondent Cassandra Scantlebury (hereinafter the tenant) commenced her tenancy, and by that time, the subject apartment had become rent stabilized. The tenant's initial rent was $665.17.
In 2016, the tenant filed a complaint with the DHCR, alleging that she was overcharged for rent through the entirety of her tenancy. On October 18, 2018, a Rent Administrator with the DHCR determined that the tenant had been overcharged for rent based upon the 1996 RRO. Thereafter, the petitioner submitted a petition for administrative review (hereinafter the PAR) to the [*2]DHCR. In a determination dated September 9, 2020, a Deputy Commissioner of the DHCR denied the PAR upon the basis that the 1996 RRO imposed a continuing obligation on the petitioner.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the September 9, 2020 determination. The petitioner argued, among other things, that the 1996 RRO was not applicable to the subject apartment because the subject apartment was rent controlled at the time the 1996 RRO was issued and that the DHCR had overlooked the effect of the 1997 PRRO. The Supreme Court denied the petition and dismissed the proceeding, determining that the DHCR properly considered the 1996 RRO. The petitioner appeals.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Bedeau Realty Corp. v State of New York, Div. of Hous. & Community Renewal, 177 AD3d 872, 873; see Matter of Hack v Town Bd. of Town of Putnam Val., 219 AD3d 489, 490-491; Matter of Hilbertz v City of New York, 210 AD3d 1089, 1091). "A determination is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Costco Wholesale Corp. v New York State Liq. Auth., 125 AD3d 775, 776 [internal quotation marks omitted]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
"Regardless of the forum in which it is commenced, a rent overcharge claim is subject to a four-year statute of limitations" (Matter of Cintron v Calogero, 15 NY3d 347, 353). Nevertheless, rent reduction orders impose a continuing obligation on a landlord and, if still in effect during the four-year period, are in fact part of the rental history (see id. at 356; Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 214 AD3d 650, 651). Further, "DHCR can take notice of its own orders and the rent registrations it maintains to ascertain the rent established by a rent reduction order" (Matter of Cintron v Calogero, 15 NY3d at 355-356).
Here, the DHCR properly considered the 1996 RRO in calculating overcharges, as it was still in effect during the four-year limitations period (see id. at 356; Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 214 AD3d at 651; Matter of JP & Assoc. Corp. v New York State Div. of Hous. & Community Renewal, 122 AD3d 740, 741). Contrary to the petitioner's contention, there is no indication in the record that the DHCR failed to consider the effect of the 1997 PRRO. The 1997 PRRO provided that not all services in the building had been restored, and it was only a partial rent restoration with respect to the subject apartment. The amount of the overcharge was calculated based upon a legal rent of $665.17 per month, which was consistent with the tenant's initial monthly rent in 1998, and which would have accounted for any rent increases allowed by the 1997 PRRO.
The petitioner's remaining contention is improperly raised for the first time in its reply brief on appeal and, thus, is not properly before this Court (see Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court