Matter of Orange & Rockland Utils., Inc. v Town Bd. of the Town of Clarkstown (2026 NY Slip Op 01066)

Matter of Orange & Rockland Utils., Inc. v Town Bd. of the Town of Clarkstown

2026 NY Slip Op 01066

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-02835
 (Index No. 33362/19)

[*1]In the Matter of Orange and Rockland Utilities, Inc., respondent,
vTown Board of the Town of Clarkstown, appellant.

Harris Beach Murtha Cullina PLLC, White Plains, NY (Darius P. Chafizadeh, Matthew T. Dudley, Katerina M. Kramarchyk, and Megan Knepka of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Nicholas M. Ward-Willis of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Town Board of the Town of Clarkstown dated May 28, 2019, denying the petitioner's application for a certificate of appropriateness, the appeal is from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 9, 2021. The judgment, insofar as appealed from, granted those branches of the petition which were to annul the resolution dated May 28, 2019, and to direct the Town Board of the Town of Clarkstown to adopt a resolution granting the petitioner's application for a certificate of appropriateness, annulled the resolution, and directed the Town Board of the Town of Clarkstown to adopt a resolution granting the petitioner's application for a certificate of appropriateness.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2008, the petitioner applied for site plan development review to build an electrical substation (hereinafter the project) on certain property that it owned in the Town of Clarkstown on the corner of North Little Tor Road and South Mountain Road (hereinafter the property) where a mobile substation already existed. The property was approximately 10.2 acres and the substation was going to be built approximately 300 feet away from South Mountain Road. South Mountain Road was designated a historic road pursuant to the Town's Historic Road Preservation Law, Chapter 153 of the Code of the Town of Clarkstown (hereinafter Chapter 153 of the Town Code).
In 2017, the Town's Planning Board (hereinafter the Planning Board), which had declared itself lead agency for environmental review, adopted a State Environmental Quality Review Act (ECL art. 8) Findings Statement that found, among other things, that the project minimized or avoided adverse environmental impacts to the maximum extent practicable. As review before the Planning Board continued, it was noted that the project included the removal of a driveway entrance on South Mountain Road, along with the installation of landscaping and the extension of an existing rock wall in the area where the driveway had been. Since South Mountain Road was designated a historic road and the planned removal of the driveway involved a physical change to South Mountain Road, a certificate of appropriateness was required from the Town Board of the Town of Clarkstown [*2](hereinafter the Town Board).
In 2019, the petitioner filed an application with the Town Board for a certificate of appropriateness. The application was referred to the Clarkstown Superintendent of Highways and to the Architectural Historic Review Board (hereinafter the AHRB) for comment. After two public hearings, on April 29, 2019, the AHRB unanimously adopted a resolution recommending denial of the petitioner's application for a certificate of appropriateness to remove and close the driveway "and for a certificate of appropriateness to deny the entire substation project." On May 28, 2019, the Town Board met and included on an agenda was an item designated "Denying the Issuance of a Certificate of Appropriateness to Orange and Rockland Utitlities (O & R) for a Project Known as the 'Little Tor Substation.'" On the same date, the Town Board adopted a resolution denying the petitioner's application for a certificate of appropriateness to "remove/close the driveway along South Mountain Road" and for the "entire substation project" (hereinafter the May 28, 2019 resolution).
In June 2019, the petitioner commenced this CPLR article 78 proceeding, inter alia, to annul the May 28, 2019 resolution and to direct the Town Board to adopt a resolution granting the petitioner's application for a certificate of appropriateness. In a judgment dated April 9, 2021, the Supreme Court, among other things, granted those branches of the petition, annulled the May 28, 2019 resolution, and directed the Town Board to adopt a resolution granting the petitioner's application for a certificate of appropriateness. The Town Board appeals.
"In reviewing a Town Board's actions as an administrative determination, this Court must consider only whether the 'determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Hack v Town Bd. of Town of Putnam Val., 219 AD3d 489, 489, quoting CPLR 7803[3]). Judicial review of such a determination is limited to whether the determination was arbitrary and capricious or without rational basis in the administrative record (see Matter of Peckham v Calogero, 12 NY3d 424, 431). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of O'Hagan v City of New York, 226 AD3d 1026, 1027 [internal quotation marks omitted]).
"Where the interpretation of a statute involves specialized knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts should defer to the administrative agency's interpretation unless irrational or unreasonable" (Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal, 5 NY3d 303, 312 [internal quotation marks omitted]; see Matter of Wythe Berry, LLC v New York State Dept. of Envtl. Conservation, 188 AD3d 1225, 1228). By contrast, where the "question is one of pure statutory reading and analysis dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight" (Matter of Wythe Berry, LLC v New York State Dept. of Envtl. Conservation, 188 AD3d at 1228 [internal quotation marks omitted]; see Kursics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). Contrary to the Town Board's contention, because the interpretation of Chapter 153 of the Town Code was a matter of statutory reading and analysis, there was little basis for the Supreme Court to rely on any special competence or expertise of the AHRB (see Matter of Wythe Berry, LLC v New York State Dept. of Envtl. Conservation, 188 AD3d at 1228).
"[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [internal quotation marks omitted]; see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208). Here, the Town Board's determination exceeded the scope of its authority under Chapter 153 of the Town Code by considering the overall impact of the entire substation project rather than considering only the impact of the work that was to be done along South Mountain Road—that is, the driveway removal, the addition of plantings, and the extension of the existing rock wall in the area where the driveway had been (see Code of Town of Clarkstown § 153-7[D][1][d], [2]).
Moreover, the Supreme Court properly concluded that the Town Board's determination was based not on a dispassionate review of the facts but on the Town Board's prejudgment, as demonstrated by the Town Board's years-long opposition to the project and, among other things, statements made at the meeting wherein the resolution was adopted (see Matter of Heritage Hills Sewage Works Corp. v Town Bd. of Town of Somers, 245 AD2d 450, 453).
It was not necessary for the Supreme Court to remit the matter for reconsideration (see CPLR 7806; Matter of Levada v Board of Zoning Appeals of Inc. Vil. of Freeport, 199 AD2d 504, 505).
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court